IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SHANNON RILEY,

        Petitioner,

   v.

RANDY GROUNDS, Warden,

        Respondent.

_____/

No. C-13-2524 TEH (PR)

ORDER TO SHOW CAUSE; ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS

(Doc. #3)

      Petitioner Shannon Riley, a state prisoner incarcerated at Salinas Valley State Prison (SVSP) in Soledad, California, has filed a pro se Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging the SVSP appeals coordinator's denial of Petitioner's appeal to expunge an incorrect prior arrest as a sex offender from his prison file. Doc. #1. Petitioner also seeks leave to proceed in forma pauperis (IFP). Doc. #2.

I

      According to the Petition, on September 30, 2011, Petitioner was taken to the Unit Classification Committee for a program review because he had recently transferred to facility B from facility D. Petitioner received his written classification chrono and noticed an entry stating that he had a prior arrest as a sex offender. This was incorrect because Petitioner never was

arrested or charged as a sex offender. On October 4, 2011, Petitioner spoke to his counselor to have this incorrect entry expunged, but she informed him that he would have to file an appeal.

One week later, Petitioner filed an appeal to have the false entry removed from his file. The appeals coordinator "cancelled" Petitioner's appeal. Thereafter, Petitioner filed petitions for a writ of habeas corpus in the Superior Court of Monterey County, the Court of Appeal and the California Supreme Court. All the petitions were denied.

On June 5, 2011, Petitioner filed the instant petition for a writ of habeas corpus seeking expungement of the sex offender arrest from his file. Petitioner asserts habeas jurisdiction under Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989) (habeas corpus jurisdiction exists when petitioner seeks expungement of disciplinary finding from his record if expungement likely to accelerate eligibility for parole).

II

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

Petitioner seeks federal habeas corpus relief by alleging that his likelihood of getting released on parole is impaired due to

2

the false sex offender arrest in his prison file. In <u>Docken v. Chase</u>, 393 F.3d 1024, 1028 (9th Cir. 2004), the Ninth Circuit affirmed its previous holding that "habeas corpus jurisdiction . . . exists when a petitioner seeks expungement of a disciplinary finding from his record if expungement is likely to accelerate the prisoner's eligibility for parole." (citing <u>Bostic</u>, 884 F.2d at 1269 and <u>McCollum v. Miller</u>, 695 F.2d 1044, 1047 (7th Cir. 1982)).

Liberally construed, Petitioner's claim appears cognizable under 28 U.S.C. § 2254 and merits an Answer from Respondent. <u>See Zichko v. Idaho</u>, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

### III

For the foregoing reasons and for good cause shown,

1. Petitioner's motion to proceed in forma pauperis (Doc. #3) is GRANTED.

2. The Clerk shall serve by certified mail a copy of this Order and the Petition, and all attachments thereto (i.e., Doc. #1), on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this Order on Petitioner.

3. Respondent shall file with the Court and serve on Petitioner, within sixty-three (63) days of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the Answer and serve on Petitioner a copy of all portions of the record that

3

have been transcribed previously and that are relevant to a determination of the issues presented by the Petition.

If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within twenty-eight (28) days of his receipt of the Answer.

4. In lieu of an Answer, Respondent may file a Motion to Dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an Opposition or Statement of Non-Opposition within twenty-eight (28) days of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a Reply within fourteen (14) days of receipt of any Opposition.

5. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner also must keep the Court and all parties informed of any change of address.

IT IS SO ORDERED.

DATED *06/25/2013*

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\HC.13\Riley 1302524 OSC IFP.wpd

**4**