1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SHANNON RILEY,                          No. C-13-2524 TEH (PR)

            Petitioner,

                                        ORDER GRANTING RESPONDENT'S
        v.                              MOTION TO DISMISS

RANDY GROUNDS, Warden,                  (Doc. #8)

            Respondent.

_____/

        Petitioner Shannon Riley, a state prisoner incarcerated at
Salinas Valley State Prison (SVSP) in Soledad, California, has filed
a pro se Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254
alleging that a document in his prison file falsely identifies him
as a sex offender and that this could be used as a negative factor
in determining unsuitability when he is being considered for parole.
Respondent has filed a motion to dismiss.  Petitioner has filed an
opposition and Respondent has filed a reply.  For the reasons stated
below, the Court grants the motion to dismiss.

                                I

        Respondent argues that the petition must be dismissed
because it is unexhausted, it is procedurally defaulted and it fails

1    to state a cognizable federal habeas claim for relief.[1]

2                                    A

3         Prisoners in state custody who wish to challenge in

4    federal habeas proceedings either the fact or length of their

5    confinement are first required to exhaust state judicial remedies by

6    presenting the highest state court available with a fair opportunity

7    to rule on the merits of each and every claim they seek to raise in

8    federal court.  See 28 U.S.C. § 2254(b), (c); Rose v. Lundy, 455

9    U.S. 509, 515-16 (1982).  If available state remedies have not been

10   exhausted as to all claims, the district court must dismiss the

11   petition.  Id. at 510; Guizar v. Estelle, 843 F.2d 371, 372 (9th

12   Cir. 1988).  A dismissal solely for failure to exhaust is not a bar

13   to returning to federal court after exhausting available state

14   remedies.  Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir.

15   1995).

16        The exhaustion-of-state-remedies doctrine reflects a

17   policy of federal-state comity to give the state "the initial

18   'opportunity to pass upon and correct alleged violations of its

19   prisoners' federal rights.'"  Picard v. Connor, 404 U.S. 270, 275

20   (1971) (citations omitted).  The exhaustion requirement is satisfied

21   only if the federal claim (1) has been "fairly presented" to the

22   state courts, id.; Castillo v. McFadden, 399 F.3d 993, 998 (9th Cir.

23   2004); or (2) no state remedy remains available, see Johnson v.

24   Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  However, a claim is not

25

26        [1]Respondent first argues procedural default and then exhaustion.  Because the
27   procedural default claim is based on Petitioner's failure to exhaust, the Court
     addresses lack of exhaustion first.

28
                                    2

United States District Court

For the Northern District of California

fairly presented to the state's highest court if it is raised in a
procedural context which makes it unlikely that it will be
considered on the merits.  <u>Castille v. Peoples</u>, 489 U.S. 346, 351
(1989); <u>Casey v. Moore</u>, 386 F.3d 896, 917 (9th Cir. 2004); <u>Kibler v.
Walters</u>, 220 F. 3d 1151, 1153 (9th Cir. 2000).

Even though non-exhaustion is an affirmative defense, the
petitioner bears the burden of proof that state judicial remedies
were properly exhausted.  <u>Parker v. Kelchner</u>, 429 F.3d 58, 62 (3d
Cir. 2005); <u>see Darr v. Burford</u>, 339 U.S. 200, 218-19 (1950)
("petitioner has the burden . . . of showing that other available
remedies have been exhausted"), <u>overruled on other grounds</u>, <u>Fay v.
Noia</u>, 372 U.S. 391 (1963).

When the petitioner challenges a prison grievance, the
prison's internal administrative remedies must be exhausted before
the petitioner may seek judicial relief.  <u>In re Dexter</u>, 25 Cal. 3d
921, 925 (1979).

B

On May 14, 2012, the Monterey County Superior Court denied
Petitioner's habeas petition on the ground that Petitioner had not
"exhausted administrative remedies through the Director's Level of
Appeal, which he must do before seeking judicial review of his
claims."  Pl.'s Opp, Ex. D, <u>In re Shannon Riley, On Habeas Corpus</u>,
No. HC 7675, at 1, Monterey County Sup. Ct. May 14, 2012.  The
Superior Court summarized the facts of Petitioner's claim as
follows:

According to Petitioner, when he received a copy of his record
from his recent program review with the Unit Classification
Committee (UCC), he noticed an entry which reflected that he

3

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

1
2
3

> had a prior arrest history as a sex offender disrupting a
> school. . . . He alleges that this entry is false. . . . He
> alleges that he talked to his counselor who told him to file an
> administrative appeal.  He states that he attempted to file an
> appeal but it was cancelled as being untimely.

4  In re Shannon Riley, No. HC 7675 at 1.

5       In denying the petition, the Superior Court explained that
6  requiring exhaustion of administrative remedies "promotes judicial
7  efficiency as it allows prison officials to investigate facts and
8  correct any problems before there is need for a court to get
9  involved." Id.  The court noted that Petitioner's appeal was
10  canceled as untimely and "he failed to appeal the cancellation,
11  which if processed, would have allowed him to exhaust his
12  administrative remedies." Id. at 1-2.  The court also ruled that
13  Petitioner failed to state sufficient facts to waive the exhaustion
14  requirement.  Id. at 2.

15       The Superior Court also addressed the merits of
16  Petitioner's claim, noting that Petitioner merely contended that the
17  allegation that he was a sex offender was false, but presented no
18  documentary evidence to support his position.  Id.

19       Petitioner filed a petition with the California Court of
20  Appeal, which was summarily denied.  Opp'n., Ex. H.  Petitioner then
21  filed a petition in the California Supreme Court which was summarily
22  denied with a citation to In re Dexter, 25 Cal. 3d  921, 925-26
23  (1979).  Opp'n., Ex. J.  A citation to Dexter stands for the
24  proposition that a state habeas petitioner "will not be afforded
25  judicial relief unless he has exhausted state administrative
26  remedies." Id. at 925.

27       Based on the above authority, the petition was not fairly
28

United States District Court

For the Northern District of California

1  presented to the California Supreme Court because Petitioner

2  submitted an unexhausted petition and, thus, that court was not able

3  to rule on its merits.  Therefore, the petition is unexhausted.  <u>See</u>

4  <u>Castille</u>, 489 U.S. at 351 (if procedural context of petition does

5  not allow highest state court to rule on merits, petition is

6  unexhausted).

7          In his opposition, Petitioner concedes that the petition

8  is unexhausted, Opp'n at 7 at ¶ 33, but claims that exhaustion

9  should be excused as an "inadvertent error" because "he was unaware

10  of the fact that he could appeal a cancellation of an administrative

11  appeal" and it was an extremely stressful time for him due to racial

12  tension in the prison.  Opp'n at 5.

13          A federal habeas court may consider an unexhausted claim

14  under 28 U.S.C. § 2254(b)(1)(B)(i)-(ii) if:

15          there is an absence of available State corrective process; or
          circumstances exist that render such process ineffective to
16          protect the rights of the applicant.

17  28 U.S.C. § 2254(b)(1)(B)(i)-(ii).

18          Petitioner's own documents show that he was informed not

19  only that he could appeal a cancellation decision but that this was

20  the only path for eventually resubmitting the original appeal.  <u>See</u>

21  Pet'n., Ex. A.  Specifically, at the bottom of each of the four

22  forms accompanying the return of his appeal, the following notice

23  appears:

24          Be advised that you cannot appeal a rejected appeal, but should
          take the corrective action necessary and resubmit the appeal
25          within the timeframes specified . . . Pursuant to CCR
          3084.6(e), once an appeal has been cancelled, that appeal may
26          not be resubmitted.  However, a separate appeal can be filed on
          the cancellation decision.  The original appeal may only be
27          resubmitted if the appeal on the cancellation is granted.

28                                        5

United States District Court
For the Northern District of California

1    Ex. A.

2         Furthermore, it appears that Petitioner knew that he could
3    appeal the cancellation, but chose not to do so because he thought
4    the appeal would be futile.  See Pet'n. Mem. of P. and A at 4, ¶ 5
5    (explaining that appeal would be futile because appeal coordinator
6    "has a history of arbitrarily refusing to process Petitioner's
7    appeals").  These reasons are insufficient to show that the state's
8    appeal process was ineffective.

9         Petitioner also argues that the California Supreme Court
10   prevented him from exhausting state court remedies because it denied
11   his motion for a stay.  This claim is based on the following facts.

12        After the California Court of Appeal denied his habeas
13   petition, Petitioner filed an untimely petition for review and a
14   stay motion in the California Supreme Court.  Opp. Ex. H at 2-3.  In
15   a letter dated November 2, 2012, the Court informed Petitioner that
16   it lacked jurisdiction over his petition for review because he had
17   filed it after the one-month deadline.  However, in a letter dated
18   November 21, 2012, the Court informed Petitioner that, although it
19   lost jurisdiction to act on a petition for review of the Court of
20   Appeal's decision, he could file a petition for a writ of habeas
21   corpus, and enclosed the correct form.  Petitioner then filed a
22   petition in the California Supreme Court, which was summarily denied
23   on February 27, 2013 with a citation to In re Dexter.

24        Thus, the California Supreme Court read and considered
25   Petitioner's petition for habeas relief.  The fact that it did not
26   grant his motion for a stay regarding his petition for review of the
27   Court of Appeal's order did not prevent Petitioner from presenting

28                                    6

**United States District Court**
For the Northern District of California

1    his petition to the state's highest court.

2         Petitioner fails to demonstrate that there was an absence

3    of an available state corrective process or that circumstances

4    rendered this process ineffective to protect his rights.   The

5    petition is unexhausted and is dismissed on this ground.

6                                    II

7                                    A

8         As noted above, the California Supreme Court denied

9    Petitioner's petition with a citation to In re Dexter, 25 Cal. 3d

10   921 (1979).   Dexter stands for the proposition that a state habeas

11   petitioner "will not be afforded judicial relief unless he has

12   exhausted state administrative remedies."   Id. at 925.   Respondent

13   contends that the procedural default invoked by the California

14   Supreme Court bars this petition.

15        In all cases in which a state prisoner has defaulted his

16   federal claims in state court pursuant to an independent and

17   adequate state procedural rule, federal habeas review of the claims

18   is barred unless the prisoner can demonstrate cause for the default

19   and actual prejudice as a result of the alleged violation of federal

20   law, or demonstrate that failure to consider the claims will result

21   in a fundamental miscarriage of justice.   Coleman v. Thompson, 501

22   U.S. 722, 750 (1991).   That is, Petitioner's claim is procedurally

23   defaulted only if the Supreme Court of California's bar was an

24   independent and adequate state procedural ground and Petitioner

25   cannot show that an exception to the procedural bar applies.

26        Petitioner does not contend that the bar was not

27   independent, and indeed it is clear that it was – the only reason

28                                    **7**

**United States District Court**
For the Northern District of California

1    given for rejecting the state petition was failure to exhaust

2    administrative remedies.  The ruling was in no way on the merits, or

3    intertwined with a decision on the merits.  As to adequacy, the

4    state has pleaded the existence of the bar, thereby shifting the

5    burden to Petitioner to come forward with specific factual

6    allegations and citations to authority to demonstrate that the rule

7    is not consistently enforced.  <u>See</u> <u>Bennett v. Mueller</u>, 322 F.3d 573,

8    585-86 (9th Cir. 2003).  This he has not done.  Instead, Petitioner

9    argues that he has shown cause and prejudice.

10                        **B**

11        The cause standard requires the petitioner to show that

12    "some objective factor external to the defense" prevented

13    presentation to the state court.  <u>McCleskey v. Zant</u>, 499 U.S. 467,

14    493 (1991) (citing <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986)).  In

15    other words, to show cause, a petitioner must show that something

16    external to himself, something that cannot be attributed to him,

17    impeded his efforts to comply with the state's procedural rule.

18    <u>Maples v. Thomas</u>, 132 S. Ct. 912, 922 (2012).

19        To show cause, Petitioner repeats the arguments he made

20    above in regard to the issue of exhaustion.  That is, he states that

21    (1) he was unaware of the fact that he could appeal the cancellation

22    of his administrative appeal, Opp. at 5, ¶ 17, and (2) he was under

23    a great deal of stress due to the high level of racial tension at

24    his prison, <u>id.</u> at ¶ 18.  As discussed above, Petitioner was

25    notified that he could appeal the cancellation of his appeal.

26    Furthermore, Petitioner's allegations of racial tension and his

27    emotional distress, without more, are not sufficient to constitute

28

**8**

United States District Court
For the Northern District of California

an external factor that prevented him from exhausting administrative remedies.

Petitioner also argues that a fundamental miscarriage of justice would occur if his claim is not adjudicated because he "has provided the exact document that was used to falsely label him a "'sex offender.'"  However, to show a fundamental miscarriage of justice, a petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 496 (1986).  Because Petitioner does not challenge his underlying conviction in this petition, he cannot meet this exception to the procedural bar rule.

Respondent has established that Petitioner's claim was procedurally defaulted.  Therefore, the motion to dismiss is granted on the ground of procedural default as well as on the failure to exhaust administrative remedies.  Dismissal is with prejudice. Because the motion to dismiss is granted on Respondent's first two grounds for relief, the Court need not address Respondent's third ground for dismissal.[2]

### III

Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right [or] that jurists of reason would

---

[2]Petitioner is advised to review pages 11-12 of Respondent's motion which describes California Penal Code section 626.8, which Respondent indicates is the section in Petitioner's record that he challenges in this petition.  Respondent clarifies that this section does not describe a sex offense, but provides that disruption of a school is a misdemeanor, resulting in mandatory jail time if the offender has been convicted of an enumerated sex crime and that it does not indicate that Petitioner is a sex offender.

find it debatable whether the district court was correct in its
procedural ruling."  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).
Accordingly, a certificate of appealability is DENIED.

CONCLUSION

Based on the foregoing, the Court orders as follows:

1. Respondent's motion to dismiss is GRANTED.  Dismissal
is with prejudice.

2. A certificate of appealability is denied

3. This order terminates docket number 8.

4. The Clerk of the Court shall enter a separate judgment
and close the file.

IT IS SO ORDERED.

DATED     _03/10/2014_          _____
                                THELTON E. HENDERSON
                                United States District Judge

P:\PRO-SE\TEH\HC.13\Riley 1302524 MTD.wpd

10